UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BOUBACAR B. TAAL,

                Plaintiff,

      -against-

ST. MARY'S BANK,

                Defendant.

20-CV-6403 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this *qui tam* action under the False Claims Act, 31 U.S.C. §§ 3729 *et seq*.[1] For the following reasons, this action is transferred to the United States District Court for the District of New Hampshire.

## DISCUSSION

    Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such

---

[1] In the Second Circuit *pro se* litigants lack statutory standing to bring *qui tam* claims under the False Claims Act (FCA). *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008); *Klein v. City of New York*, ECF 1:10-CV-9568, 63, 2012 WL 546786, at *5 (S.D.N.Y. Feb. 21, 2012). The Court, therefore, declines to seal this matter as normally would be required under the FCA. *See* 31 U.S.C. § 3730(b)(2)-(4).

defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiff, a resident of New Hampshire, brings claims against a New Hampshire credit union. He sued the credit union in New Hampshire courts and asserts in this complaint that the credit union and the courts violated his rights in those cases. Because Plaintiff does not allege that Defendant resides in this District or that a substantial part of the events or omissions giving rise to his claims arose in this District, venue is not proper in this Court under § 1391(b)(1), (2). Venue is proper in the District of New Hampshire, where Plaintiff and Defendant reside and where all of the underlying events took place. *See* 28 U.S.C. § 109. Accordingly, venue lies in the District of New Hampshire, § 1391(b)(2), and this action is transferred to the United States District Court for the District of New Hampshire, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of New Hampshire.[2] A summons shall not issue from this Court. This order closes this case.

---

[2] Plaintiff filed this action as a purported miscellaneous case and paid the miscellaneous filing fee of $47.00. The matter was opened on the docket as a civil case. Whether Plaintiff should be required to pay the full $400.00 in filing fees for a civil case is a matter left to the transferee court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 17, 2020
        New York, New York

COLLEEN McMAHON
Chief United States District Judge